RECEIVED
2005 NOV -1 A

IN THE DISTRICT COURT OF THE UNITED STATES
FOR THE MIDDLE DISTRICT OF ALABAMA SOUTHERN
DIVISION

JAMES L. ROBINSON #121865
    PETITIONER
VS.
CHERYL PRICE, et al;
    RESPONDENTS

CIVIL ACTION NO. 1:05-CV-980-T

\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*/

PETITIONER'S OBJECTION TO RECOMMENDATION

Comes now James L. Robinson; (hereafter Robinson), and objects to the Order which has been entered October 18th, 2005. Robinsons shows facts which comes directly from Alabama's specific Statute's of law, which governs the Statute, and the Constitution of these United States, and Federal Rights under 28 U.S.C. Section 2254. THe following :

1. Robinson admits that there were previous filed habeas petitions pursuant to 28 U.S.C. Section 2254. Which challenged the 3rd degree Burglary from Houston County, Alabama.

[A]. Robinson filed in the Circuit Court of Houston County, Alabama a Habeas Corpus State of Alabama Habeas Corpus govern under Code of Alabama 1975 Section 15-21-1. Robinson's issues

are Constitutional under the Constitution of these United States, 1st, 4th, 5th, 6th, and 14th Amendments. Robinson's issues are govern by Alabama Constitution 1901 Article I. Section 15, and the 8th Amendment Constitution of these United States. [B]. Robinson specifically was entitled to relief of each issue which was presented in Alabama Courts. Alabama Statutes of law has mandatory language which applies to Robinson sentence, and fine imposed. Code of Alabama 1975 Section 13A-5-6(3) For a Class "C" Felony only ten year maximum. Robinson's sentence exceeds the 10 year maximum for 3rd degree Burglary. Robinson further shows before this Court that 13A-5-9(a) says : "In **all cases when it is shown...**" Then 13A-5-11(a)(3) For a class "C" felony, no more than $5,000.00. These are Alabama Statutes which controls Robinson Constitutional rights based on Alabama laws. Federal Constitutional issues where these Laws must be applied as written. 1st, 4th, 5th, 6th, 8th, and 14th Amendment issues which has not been addressed before this Court in any prior Habeas Corpus.

2. Robinson's claims are pursuant to Code of Alabama 1975 Section

15-21-1 Habeas Corpus. Robinson filed a timely Habeas Corpus challenging the unconstitutional use of Alabama Statute's against him in the State of Alabama. In that Alabama switched the issues over under Rule 32, Robinson still proceed to exhaust his State Remedies under these Constitutional issues which now are before this Court for review of Constitutional United States Constitution, and Alabama Constitution 1901.

[A]. The State has not resolved these issues, where Alabama Statute provides mandatory language under Alabama Legislative Intent that must be applied.

[B]. Robinson's claims under 15-21-1 grants habeas relief for the sentence, and fine imposed which violates United States Constitution, and Alabama Constitution 1901.

3. Robinson shows that even under Alabama Law, and Rule 32, to which Robinson State Habeas Corpus was filed under. Alabama laws says : In JONES V. STATE, 724 SO.2d 75,77 (Ala. Crim. App. 1998) **A jurisdictional issue under illegal sentence is govern by Alabama law, and can be raised at any-time. There is no procedural bar, nor a limitation period.** Therefore Robinson had clear standing to attack the Statute of Law which violates

Page 4.

Robinson rights under the Constitution of these United States.

4. Robinson's claims were presented to Circuit Court of Houston County, Alabama under a Statute which provides Robinson grounds for relief for an illegal sentence, and illegal fine imposed. 15-21-1 under Robinson's grounds have not been before this Court. There's nothing in Federal Court where Robinson has challenged the Statutes Language 13A-5-9(a) ,13A-5-6(3), and 13A-5-11. Under 2254(d)(1)(2), Robinson has standing to come before this Court with issues which were United States Constitution Violations pursuant to State of Alabama Statutes.

5. The Magistrate Judge sums the entire Recommendation based on the mere facts that Robinson has filed a previous Federal 28 U.S.C. 2254 before. The Recommendation has nothinmg which directly refers back to the State Habeas Corpus which was filed,and treated as a Rule 32. Robinson's issues which come before this Court comes right back to issues which this Court has ruled on in prior cases, JONES V. WHITE, 992 F2d 1548 (11th Cir. 1993) at 1569 The Court held; 13A-5-9(a) requires under the phrase **when it is shown** to mean to prove and apprise the Court in an evidentiary admissable manner. Refering to MILINER V. STATE,

414 SO.2d 133,135 (Ala. Crim. App. 1981) Robinson has stated before the Alabama Courts that 13A-5-9(a) has been violated, where in his case alone there was nothing placed before the Court by the State as required under 13A-5-9(a), and Judge Crespi sentence don't state a sentence under HFOA for any enhancement to be applied. Robinson's sentence is illegal.

[A]. Robinson shows that pursuant to Alabama Statute 13A-5-9(a) he has standing to challenge the illegal sentence imposed in direct violation of the Statute 13A-5-9(a). Robinson has standing under 28 U.S.C. 2254(d)(1)(2) for Federal Constitution United States Constitutional issues, and Alabama Constitution 1901, where Alabama law says illegal sentences may be challenged at any-time.

6. Robinson has one year from the date of the denial of Alabama Supreme Court denial to raise these issues in Federal Court pursuant to 28 U.S.C. Section 2254. The Magistrate has not granted Robinson the rights which Federal Court creates for review of Alabama Constitution, and these United States Constitution.

Wherefore Robinson filed a timely Federal Habeas Corpus for constitutional violations which goes to the sentence, and

Page 6.

fine. The verdict of guilt return by the Jury. and conviction imposed by jury is not under attack. Robinson's claims which are govern by Alabama Statutes under Code Of Alabama 1975 Statute are reviewable by jurisdictional statutory provisions under Alabama law. Alabma's law pursuant to Code section 15-21-1 grants Habeas Corpus review of illegal acts done by Statute which goes to illegal confinement, whether Alabama treats it as Rule 32 and or under 15-21-1, makes no difference. The Constitution of these United States are issues which the Magistrate has not address in the order dismissing Robinson's Federal Habeas Petition.

Relief is due where under Federal Court pursuant to Federal Habeas Corpus Robinson's State issues were refered back to trial Court in a manner under Rule 32, for clear understanding of the case. and history surrounding the facts with the Statute's violations.

Respectfully Submitted

*[signature]*
JAMES L. ROBINSON
565 BIBB LANE
BRENT, AL. 35034

DATED THIS 28th Day of October 2005.